IN THE UNITED STATES DISCTRICT COURT
FOR THE MIDDLE DISCTRICT OF PENNSYLVANIA

NICOLE NICKOLICH          :
                          :
        V                 :
                          :
COUNTY OF LUZERNE         :
                          :

## **DECLARTORY JUDGMENT COMPLAINT**

Comes now Plaintiff, Nicole Nickolich (hereinafter, "Plaintiff" or "Nickolich") by and through her undersigned attorney, and brings this Complaint for Declaratory Judgment against the herein named Defendants, and avers as follows:

## **INTRODUCTION**

1. This is an action pursuant to 28 U.S.C. §2201 in which Nickolich seeks a judicial determination that she is not obligated to repay $32,478.95 in tuition and fees in connection with the Child Welfare Education and Leadership program (hereinafter "CWEL").

2. Nickolich was chosen for CWEL by the County of Luzerne (hereinafter "Defendant" or the "County"), while she was employed by the County.

3. The County never advised Nickolich that she could be required to repay any amount of tuition and/or fees in the event of separation of employment from the County.

4. After Nickolich began participation in the program, and nearly completed the education program, the County chose to separate her from employment.

## THE PARTIES

5. Plaintiff, Nicole Nickolich is an adult individual residing at 115 Mulberry Drive, Milford Pa 18337.

6. Defendant, County of Luzerne, is a political subdivision and County within the Commonwealth of Pennsylvania.

## JURISDICTION and VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 2201.

8. Pursuant to 28 U.S.C. §1391, venue is appropriate in this District.

## THE FACTS

9. Nickolich repeats and reasserts the allegations contained in Paragraphs 1-8 as though fully set forth at length herein.

10. Nickolich was employed by the County in its Department of Human Services Children & Youth. In that capacity, she was selected by the County to participate in the CWEL program.

11. In or about fall 203, after Nickolich had completed more than half the CWEL program, she was directed by her supervisor to take certain actions, after which point, an infant in the care of the County died.

12. In or about the fall 203, after Nickolich had completed more than half the CWEL program, she was placed on administrative leave, pending investigation into the death.

13. In or about fall 2023, the County advised Plaintiff that she would terminated if she did not resign.

14. On information and belief, and in violation of its contractual obligations, the County did not advise the third party institution Plaintiff was attending as part of the CWEL program.

15. On information and belief, the County failed and/or refused to comply with other parts of the CWEL agreement, including by keeping Plaintiff informed of all costs, fees and expenses.

16. In or about fall, 2023, the County forced Plaintiff to separate from employment, in violation of its contractual obligations.

17. Notwithstanding this breach of its contractual duties, the County demands that Plaintiff pay more than $32,000 as reimbursement, though the County forced Plaintiff into this position in the first instance.

WHEREFORE, Plaintiff prays for and demands an order of this Court that pursuant to 28 U.S.C. 2201, Plaintiff is not obligated to reimburse the County or any other unnamed party the full or partial cost of the CWEL program.

Respectfully submitted,

**REGER RIZZO & DARNALL LLP**

By: _Michael J. Needleman /s/_
Michael J. Needleman, Esquire
Attorney for Plaintiff, Nicole Nickolich

Dated: April 3, 2024