## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICOLE NICKOLICH,                          :
                                           :
                    Plaintiff,             :
        v.                                 :        3:24-CV-00580
                                           :        (JUDGE MARIANI)
COUNTY OF LUZERNE                          :
                                           :
                    Defendant.             :

## MEMORANDUM OPINION

## I.    INTRODUCTION

Presently before the Court is Defendant County of Luzerne motion to dismiss (the "Motion"). (Doc. 6). For the reasons that follow, Defendant's Motion will be granted.

## II.    BACKGROUND

On April 5, 2024, Plaintiff Nicole Nickolich filed a complaint against the Defendant County of Luzerne seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 (the "Complaint"). (Doc. 1). Specifically, Plaintiff "seeks a judicial determination that she is not obligated to repay $32,478.95 in tuition and fees in connection with the Child Welfare Education and Leadership Program (hereinafter "CWEL")." Compl. at ¶ 1.

Plaintiff "was chosen for CWEL by the County of Luzerne … while she was employed by the County."[1] Id. at ¶ 2. "The County never advised Nickolich that she could

---

[1]    As alleged in the Complaint, both Plaintiff and Defendant reside in the Commonwealth of Pennsylvania. Compl. ¶¶ 5-6.

be required to repay any amount of tuition and/or fees in the event of separation of employment from the County." *Id.* at ¶ 3. "After Nickolich began participation in the program, and nearly completed the education program, the County chose to separate her from employment." *Id.* at ¶ 4.

Plaintiff "was employed by the County in its Department of Human Services Children & Youth," and "was selected by the County to participate in the CWEL program." *Id.* at ¶ 10. On or about the fall of 2023, "after Nickolich had completed more than half the CWEL program, she was directed by her supervisor to take certain actions, after which point, an infant in the care of the County died." *Id.* at ¶ 11. Thereafter, Plaintiff "was placed on administrative leave, pending investigation into the death," *id.* at ¶ 12, and the "County advised Plaintiff that she would terminated [sic] if she did not resign." *Id.* at ¶ 13.

"On information and belief, and in violation of its contractual obligations, the County did not advise the third party institution Plaintiff was attending as part of the CWEL program." *Id.* at ¶ 14. "On information and belief, the County failed and/or refused to comply with other parts of the CWEL agreement, including by keeping Plaintiff informed of all costs, fees, and expenses." *Id.* at ¶ 15. In the fall of 2023, "the County forced Plaintiff to separate from employment, in violation of its contractual obligations." *Id.* at ¶ 16. "Notwithstanding this breach of its contractual duties, the County demands that Plaintiff pay more than $32,000 as reimbursement, though the County forced Plaintiff into this position in the first instance." *Id.* at ¶ 17. As a result of this alleged conduct, "Plaintiff prays for and

demands an order of this Court that pursuant to 28 U.S.C. 2201, Plaintiff is not obligated to reimburse the County or any other unnamed party the full or partial cost of the CWEL program." Compl. at 3.

On June 17, 2024, Defendant filed the instant Motion, (Doc. 6), and accompanying brief in support, (Doc. 8). Defendant seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6), 12(b)(7), and 12(e). (Doc. 6 at 1). Although Plaintiff did not attach the CWEL Agreement to her Complaint, Defendant attached it to its Motion. (Doc. 7-1 at 7-15).

The County seeks dismissal of the Complaint on the theory that: (1) the Court should decline to exercise jurisdiction under the Declaratory Judgment Act; (2) venue in this Court is improper; (3) Plaintiff has failed to join an indispensable party; (4) the Complaint fails to state a claim upon which relief may be granted; and (5) Plaintiff should be required to provide a more definite statement of her alleged claim. (Doc. 8 at 2-12). More specifically, Defendant claims that:

> Plaintiff's complaint seeks only a declaratory judgment and contains no independent causes of action or claims under federal law. Additionally, both Plaintiff and the County are residents of the Commonwealth of Pennsylvania and, therefore, there is no basis for diversity of citizenship jurisdiction in this matter.

*Id.* at 2.

### III. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 LEd.2d

391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit,
> absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a
> particular instance, open to question, it is incumbent upon the courts to resolve such
> doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"The requirement that jurisdiction be established as a threshold matter 'springs from

the nature and limits of the judicial power of the United States' and is 'inflexible and without

exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003,

140 L.Ed.2d 210 (1998) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382,

4 S.Ct. 510, 28 L.Ed. 462 (1884)).  Moreover, "the burden of establishing the [existence of

subject matter jurisdiction] rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S.

at 377 (internal citations omitted). Since the federal courts' jurisdiction is strictly limited by

Constitution and statute, "[i]t is to be presumed that a cause lies outside this limited

jurisdiction." *Id.*

A motion to dismiss for lack of subject matter jurisdiction is properly made

under Federal Rule of Civil Procedure 12(b)(1).  When a motion under Federal Rule of Civil

Procedure 12 is based on several grounds, a court should first consider a 12(b)(1)

challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, "all

other defenses and objections become moot."  *In re Corestates Tr. Fee Litig.*, 837 F.Supp.

104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint. A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction.

*Id.* at 358.

When a party files a motion attacking jurisdiction prior to filing an answer to the complaint or otherwise presenting competing facts, the motion is "by definition, a facial attack." *Aichele*, 757 F.3d at 358. "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. Inc. v. Senju Pharma. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016).

## IV.   ANALYSIS

Plaintiff brings a single claim under the Declaratory Judgment Act, 28 U.S.C.§ 2201. The Declaratory Judgment Act provides, in relevant part, that "[i]n a case of actual controversy *within its jurisdiction* . . . any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).

Defendant's move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, among other things.  (Doc. 6). "When a motion under Federal Rule of Civil Procedure is based on several grounds, a court should first consider a 12(b)(1) challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."  *Houle v. Walmart, Inc.*, 447 F. Supp. 3d 261, 273-74 (M.D. Pa. 2020).

Plaintiff's only alleged basis for subject matter jurisdiction, as set forth in the Complaint, is under the Declaratory Judgment Act.  *See* Doc 1 at ¶ 7 ("This Court has jurisdiction over this matter pursuant to 28 U.S.C. 2201.").  However, The Declaratory Judgment Act "does not itself create an independent basis for federal jurisdiction but instead provides a remedy for controversies otherwise properly with the court's subject matter jurisdiction."  *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 394 (3d Cir. 2016); *see also Allen v. DeBello*, 861 F.3d 433, 443 (3d Cir. 2017) ("The Declaratory Judgment Act does not, however, provide an independent basis for subject-matter jurisdiction; it merely defines a remedy.").  Indeed, it is well-settled that the Declaratory Judgment Act "does not independently grant subject-matter jurisdiction."  *Temple Univ.*

*Hosp., Inc. v. Sec. United States Dep't of Health & Human Servs.*, 2 F.4th 121, 132 (3d Cir. 2021).

In both the civil cover sheet and the Complaint, Plaintiff asserted basis of jurisdiction appears to be "Federal Question" jurisdiction.  (Doc. 1-1).  However, Plaintiff cannot claim that the action arises under federal law, 28 U.S.C. § 1331.  Nothing alleged in the Complaint establishes federal question jurisdiction.    In essence, this is a state law claim for breach of contract where Plaintiff seeks an order that she "is not obligated to reimburse the County or any other unnamed party the full or partial costs of the CWEL."  (Doc. 1 at 3).

Nor does Plaintiff assert that the Court has diversity jurisdiction over the parties, 28 U.S.C. § 1332; *see* Doc. 1-1 (noting that both Plaintiff and Defendant are citizens of the same state).  28 U.S.C. § 1332 "gives federal district court original jurisdiction of all civil actions between … citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Here, all named parties in the Complaint are residents of the Commonwealth of Pennsylvania.  *See* Doc. 1 at ¶¶ 5-6 ("Plaintiff, Nicole Nickolich is an adult individual residing … [in] Milford, Pa. . . . Defendant, County of Luzerne, is a political subdivision and County within the Commonwealth of Pennsylvania."). Therefore, the Court does not have subject matter jurisdiction under diversity of citizenship.

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most

favorable to the plaintiff." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Viewing the allegations in the Complaint in the light most favorable to the Plaintiff, it is clear the court lacks subject matter jurisdiction over this declaratory judgment action. There is no basis for subject matter jurisdiction under diversity of citizenship, 28 U.S.C. § 1332, because the parties are from the same state. Nor do any allegations in the Complaint give rise to federal question subject matter jurisdiction because nothing in the Complaint shows that the civil action "ari[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, this is simply an action for breach of contract under Pennsylvania law.

Accordingly, Defendant's Motion must be granted. Viewing the Complaint in the light most favorable to the Plaintiff, as the Court must, there is simply no asserted basis for subject matter jurisdiction in this Court.

## V.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is granted. Plaintiff's Complaint is dismissed without prejudice to allow the Plaintiff to refile or transfer this action to state court, *see* 42 Pa. C.S.A .§ 5103(b). A separate order will follow.

Robert D. Mariani
United States District Judge